IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINETAMER, INC. and FRANCES MARIE ) | |
| HICKMAN, etc., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 2:02cv652-A |
| ) | WO |
| STEVEN J. TERRELL AND ASSOC., INC.; ) | |
| STEVEN J. TERRELL; GENTRY MACHINE ) | |
| WORKS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on a Motion for Partial Summary Judgment (Doc. #184) filed by Defendants Steven J. Terrell and Associates, Inc. and Steven J. Terrell (collectively "Defendants"), moving for summary judgment on Plaintiffs' patent infringement claim, Count One of the Amended Complaint ("Preliminary Injunction–Patent Infringement").

Plaintiff Line Tamer, Inc. ("Line Tamer") is an Alabama Corporation. Plaintiff Frances Marie Hickman is the executor of the estate of Lewis L. Hickman and sole shareholder of Line Tamer. In 1993, Lewis L. Hickman received patent number 5,501,257 ("the '257 Patent") for a tree trimming apparatus which was later named the Hickman Tree Trimming Cutterhead Assembly. The Plaintiffs filed a Complaint in this case, which was later amended, alleging in part that the Defendants have infringed on the Plaintiffs' patent.

The Defendants previously moved for summary judgment in their favor on all of the Plaintiffs' claims and three of the Defendants' counterclaims. In a previous Memorandum Opinion and Order, this court granted in part and denied in part the Motion for Summary Judgment. In support of their present motion for summary judgment as to the patent

infringement claim, which claim is made against the Defendants Steven J. Terrell and Associates, Inc. and Steven J. Terrell, the Defendants have provided an affidavit of a person who purports to be a co-inventor of the Plaintiffs' patented invention, evidence of an assignment of the co-inventor's interest in the '257 Patent to Defendant Steven J. Terrell and Associates, Inc. on September 1, 2004, and evidence of a license under the '257 Patent to Steven J. Terrell on March 31, 2005.

On April 4, 2005, this court entered an Order giving the Plaintiffs until April 25, 2005 to respond to the Motion for Partial Summary Judgment. No response to the Motion for Partial Summary Judgment has been filed by the Plaintiffs as of the date of this Memorandum Opinion and Order.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. Id. at 1101-02. Accordingly, the court will review the evidentiary materials presented by the Defendants in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, the party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324.

In the instant case, the Defendants have cited the court to Ethicon, Inc. v. United States Surgical Corp., 135 F.3d 1456 (Fed. Cir. 1998).  In Ethicon, the court held that a person need not make a contribution to every claim of a patent to be considered a co-inventor. Id. at 1460.  The court also explained that to show co-inventorship, the alleged co-inventor cannot merely rely on his or her own testimony, but must offer clear and convincing evidence of co-inventorship. Id. at 1461.  Such evidence may consist of contemporaneous documents prepared by a putative inventor. Id.

The Defendants in this case have presented evidence to establish that they have a interest in the patent at issue, including an affidavit by Philip S. Hutchinson ("Hutchinson").  According to Hutchinson, Lewis Hickman approached him with some ideas about how the cutterhead assembly should move, but told him that he did not have a definite picture in his mind about how to build the assembly.  Hutchinson Affidavit at ¶ 4.  Hutchinson states that he completed the design of the assembly and details the patent claims in which his designs are contained. Id. at ¶ 7.  The Defendants also submit to the court design drawings which are dated November 30, 1994.  See Exhibit H.  Hutchinson states that Lewis Hickman discussed with him whether he should be listed on the patent application as an inventor, but that Hutchinson asked not to be listed. Hutchinson Affidavit at ¶ 9.

The Defendants state that because, as to this claim, the Plaintiffs have only requested prospective injunctive relief, they are not entitled to any relief because Steven J. Terrell and Associates, Inc. acquired ownership in the patent through a valid assignment from Hutchinson, see Exhibit C, and Steven J. Terrell has a license under the patent from Steven J. Terrell and Associates.  See Exhibit E.  The Defendants have met their burden in moving for summary judgment under Rule 56.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324.   If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed. R. Civ. Pro. 56(e).

By failing to file any response to the Motion for Partial Summary Judgment, the Plaintiffs have failed to meet their burden under Rule 56.   The Plaintiffs have filed no evidence which would create a question of fact as to whether the Defendants have established by clear and convincing evidence that Philip Hutchinson was a co-inventor of the cutterhead assembly in question, or as to whether there was a valid assignment of an interest in the patent.  Further, the court has reviewed the evidentiary materials submitted by the Defendants and finds no question of fact as to any material issue raised by the Defendants as a ground for summary judgment.

Accordingly, it is hereby ORDERED that the Motion for Partial Summary Judgment (Doc. #184) is GRANTED, and Judgment is entered as to Steven J. Terrell and Associates, Inc.

and Steven J. Terrell and against Line Tamer, Inc. and Frances Marie Hickman on Count One of the Amended Complaint.

The court will rule on the Defendants' request for correction of inventorship pursuant to 35 U.S.C. § 256 by separate Order at a later date.

Done this 28th day of April, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE