IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LINETAMER, INC. and FRANCES MARIE HICKMAN, etc., | ) ) ) | |
| | ) | (WO) |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:02cv652-A |
| STEVEN J. TERRELL AND ASSOC., INC.; STEVEN J. TERRELL; GENTRY MACHINE WORKS, INC., | ) ) ) ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This cause is before the court on the Defendant/Counterclaim Plaintiff Gentry Machine Works, Inc. ("Gentry") Motion to Strike (Doc. #195), a Motion to Strike Certain Pretrial Contentions by Steven J. Terrell and Steven J. Terrell & Associates, Inc. and Gentry (Doc. #202), and a Motion in Limine to exclude reference by the Plaintiffs to Plaintiffs' alleged calculation of damages, or alternatively, to strike Plaintiffs' computation of damages. (Doc. #206).

With respect to the motion in limine and to strike, Gentry argues that the Plaintiffs failed to timely disclose their damage calculation, and even now that it has been disclosed, the calculation is based on speculation and no evidence.

In a separate Order, the court has granted the Defendants' oral motion to continue the trial of this cause to allow for additional time in which to conduct limited discovery on damages issues. Because additional discovery time cures any prejudice the Defendants may have suffered from the Plaintiffs' untimely disclosure, the court will not strike or exclude the Plaintiffs'

calculations merely on the basis of timeliness.

The court turns now to the substantive bases for Gentry's motions. The Plaintiffs have claimed lost profits of $197,500 from the sale of the prototype, a $235,000 licensing fee, and $10 million which the Plaintiffs state is one-half of the value of the patent in this case.

Gentry has argued that the lost profits calculation is due to be stricken because it is based on speculation. Gentry cites to Alabama cases, including Kirkland & Co. of Anniston, P.C. v. A&M Food Service, Inc., 579 So. 2d 1278, 1285 (Ala. 1991), for the proposition that lost profits must be established with reasonable certainty. Gentry says that the Plaintiffs' claim for lost profits is based entirely on the contract between Gentry and Timbertec, but the claim against Gentry arises from an alleged breach of the confidentiality provision of a letter of intent entered into between Linetamer and Gentry.

The Plaintiffs state that the $197,500 calculation is based on the following evidence: promissory notes for $100,000 payable to Timbertec and $150,000 to Ronald or Sharon Morton; a purchase order to Gentry from Linetamer for $155,000, a purchase order from Allied Tree Service to Linetamer for $185,000, testimony that a $35,000 cash payment was made in addition to the two promissory notes for a purchase price of $285,000 of the prototype by Denton Environmental, Inc. The Plaintiffs state that the difference between the purchase price due to Gentry from Timbertec ($87,500) and the sales price of $285,000 equals $197,500.

Gentry has argued that the Plaintiffs are not entitled to lost profits as measured by a contract to which they were not parties and that the Plaintiffs have failed to apportion how much of the supposed lost profit would have gone to Gentry and would have gone to Timbertec. Gentry also argues that Linetamer would not have been profitable, pointing to the lost sale to

Allied Tree Service as to which Gentry argues that Linetamer would have lost money, or at most broken even, and to evidence that Lewis Hickman had debts at his death.

The Plaintiffs respond that the contract between Gentry and Timbertec was without the consent of Linetamer, and was a breach of the confidentiality agreement. It was because of this breach that the Plaintiffs were excluded from any opportunity for profits. The Plaintiffs also state that the debts of Lewis Hickman are irrelevant.

The court has before it evidence of the value of the prototype in two different transactions. Allied Tree Service had agreed to pay $185,000 to Linetamer for a Hickman Linetamer, and Denton Environmental, Inc. apparently paid $285,000 for the prototype.[1] While Plaintiffs' argument that the Denton Environmental, Inc. transaction is evidence of lost profits has some appeal to the extent that it relates to the breach of the confidentiality agreement, it is not as clear that that transaction should be considered as evidence of lost profits from Gentry's failure to manufacture ten Hickman linetamers. In other words, it may be too speculative to satisfy Alabama law to calculate lost profits for the remaining nine units that were to be produced by Gentry based on the Denton Environmental, Inc. transaction. This is a determination which will have to be made at trial, after a presentation of evidence. Therefore, although the Motion in Limine is due to be DENIED as to the Plaintiffs' ability to claim lost profits, it is due to be GRANTED to the extent that the Plaintiffs will not be allowed to present a calculation of lost profits without first taking it up outside of the presence of the jury.

Gentry also states that Plaintiffs ought not be allowed to seek recovery of the $235,000

---

[1] Although this figure is disputed, the Plaintiffs claim that Linetamer's profit on the sale to Allied Tree Service would have been $30,000.

licensing fee they claim was lost as a result of Gentry's breach of the confidentiality provision of their letter of intent. Gentry states that the licensing fee was part of the agreement negotiated between Linetamer and Steven J. Terrell & Associates, Inc., but no licensing agreement was ever entered into by those parties. The stipulations section of the Pre-Trial Order states that Linetamer and Steven J. Terrell and Steven J. Terrell & Associates, Inc. never entered into the licensing agreement.

According to the Plaintiffs, although no licensing agreement was entered into between Linetamer and Steven J. Terrell, Steven J. Terrell was able to sell the Linetamer prototype because Gentry sold it to Steven J. Terrell in violation of the confidentiality agreement. If the Plaintiffs prevail on this theory at trial, the court finds that the $235,000 is not too speculative to be considered part of the Plaintiffs' lost profits and could be an element of the Plaintiffs' recovery.

The Plaintiffs have also claimed $10 million based on one-half of the value of the patent at issue.[2] In response to the motion in limine, however, the Plaintiffs apparently concede that the motion is due to be GRANTED as to the $10 million figure. See Plaintiffs' Opposition at page 6.

As to the Motion to Strike Certain Pretrial Contentions from the Pre-Trial Order, Gentry and Steven J. Terrell and Steven J. Terrell & Associates, Inc. move the court to strike or otherwise modify certain pretrial contentions in paragraphs one, three, four, and five of the Plaintiffs' contentions in the Pre-Trial Order.

---

[2] The Plaintiffs have offered no evidentiary basis for such a valuation, stating merely that any patent has at least nominal value.

In paragraphs one and three of the Plaintiffs' contentions, the Plaintiffs state that "Timbertec (acting through Steven Terrell)" sold the patented cutterhead without legal authority. The objection to these contentions is that Timbertec is not a party and Steven J. Terrell is no longer a defendant, so that the only purpose of any such contention is to prejudice Steven J. Terrell in the eyes of the jury.

As discussed above, although the court is not yet able to determine the proper measure of lost profits which would be recoverable should the Plaintiffs prevail, the court agrees with the Plaintiffs that Gentry's relationship with Steven J. Terrell and his company or companies with respect to the Hickman Linetamer is relevant. Therefore, these contentions are not due to be stricken.

In paragraph three, the Plaintiffs also contend that as a result of the breach of confidentiality Steven J. Terrell was able to claim half-ownership of the patent. The objection to this contention is that the interest was gained by assignment from Philip Hutchinson and did not result from any breach of confidentiality by Gentry. The court agrees that the evidence in the record is that Steven J. Terrell convinced Philip Hutchinson to assign him his interest as a co-inventor of the Hickman Linetamer, even though the patent does not reflect that he is a co-inventor. Any breach by Gentry would not have led to any damage on the part of the Plaintiffs as the assignment merely transferred the one-half interest of Hutchinson's, and so did not deprive the Plaintiffs of any interest owned by them. Alternatively, Hutchinson's omission from the patent may mean that the patent is invalid, at least until corrected, and, therefore, worth nothing. Further, the Plaintiffs in this case claim no patent value as part of their damages, as discussed above. Accordingly, there is no need for any contention about the patent to be a part

5

of this case, and the contention in paragraph three that Steven J. Terrell was enabled to claim one-half interest in the patent is due to be stricken.

In paragraphs four and five, the Plaintiffs state that Gentry and Steven J. Terrell concealed the prototype and breached the agreement.  The objection to that contention is that summary judgment was granted as to any conspiracy claim in the case.  While there is no conspiracy claim in this case, for the reasons discussed above, the actions of Gentry and Steven J. Terrell are relevant in this case, and these contentions are not to be stricken.

Accordingly, it is hereby ORDERED as follows:

1.  The Motion to Strike (Doc. #195), Motion to Strike Certain Pretrial Contentions (Doc. #202), and Motion in Limine (Doc. #206) are GRANTED as to any claim or interest of the Plaintiffs in the patent in this case.

2.  The Motion to Strike (Doc. #195) and Motion in Limine (Doc. #206) are DENIED as to the Plaintiffs' claim for lost profits, but the Motion in Limine is GRANTED to the extent that the Plaintiffs will not be allowed to present a calculation of lost profits without first taking it up outside of the presence of the jury.

3. The Motion to Strike (Doc. #195) and Motion in Limine (Doc. #206) are DENIED as to the claim for lost profits based on a licensing fee.

4.  The Motion to Strike Certain Pretrial Contentions (Doc. #202) is DENIED as to references to Steven J. Terrell and Timbertec discussed above.

Done this 29th day of July, 2005.

                          /s/ W. Harold Albritton
                          W. HAROLD ALBRITTON
                          SENIOR UNITED STATES DISTRICT JUDGE